(89 App. Div. 198.)

## TUOHY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. RAILROADS—INJURIES—ACTS OF TRESPASSERS.

Plaintiff was injured by the lowering of a railroad crossing gate during the absence of the gateman. Just prior to the accident the gateman raised the gate, fastened it up with a clamp, which rendered it immovable, and left for a moment, knowing no train was due for a period of 20 minutes. During the gateman's absence a stranger not in defendant's employ removed the clamp and lowered the gate, so that it fell and inflicted the damage complained of. *Held* that, in the absence of any evidence that a similar interference had ever taken place, or that the acts of such stranger were reasonably to be apprehended, defendant was not liable.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Thomas F. Tuohy against the Long Island Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Louis Hess, for appellant.
Edward S. Malone, for respondent.

WILLARD BARTLETT, J. The defendant corporation maintained a gate at a crossing over its railroad in the village of Flushing. A wagon belonging to the plaintiff was injured by the lowering of this gate upon it as it was being drawn over the crossing, and on

account of the injury thus sustained the plaintiff has recovered a judgment for $85 damages, from which judgment the present appeal is taken.

The gate in question was in charge of a gateman employed by the defendant. Just before the accident the gateman raised the gate and left it to go to the water-closet. When he went away no train was due to pass over the crossing for a period of 20 minutes. He fastened the gate up with a clutch or clamp which rendered it immovable unless somebody took the clutch or clamp off. During the gateman's absence a stranger named Walsh, not in the employ of the defendant, removed the clutch and lowered the gate so that it fell upon the plaintiff's wagon and inflicted the damage which was the basis of the recovery.

I do not see how the defendant can be held liable for this injury. The accident was wholly due to the unwarrantable interference of an outsider with the railroad company's property. If it appeared that any similar interference had ever before taken place, or that the experience of the defendant in the management of its road indicated the probability of such an occurrence, it might be held that it was negligence not to guard against it in some manner; but there is no evidence in the record to indicate that such an accident could reasonably have been apprehended, and under these circumstances it is clear that the defendant corporation was not responsible for the consequences of a trespass by a stranger. Bennett v. Long Island R. R. Co., 163 N. Y. 1, 57 N. E. 79. I think the judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.